```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON

ALPHONSO ROY LEE,
                Plaintiff,          NO. CV-09-3112-EFS
        v.
                                    ORDER GRANTING IN PART
AFT-YAKIMA,                         DEFENDANT'S MOTION TO DISMISS
                Defendant.
```

Plaintiff Alphonso Roy Lee filed a complaint in Yakima County Superior Court against Defendant AFT-Yakima ("AFT") on October 30, 2009, alleging breach of the duty of fair representation, violation of privacy rights, defamation, violation of psychotherapist confidentiality, and discrimination in violation of Title VII of the Civil Rights Act of 1964. (Ct. Rec. 1.) AFT removed the suit to this Court on November 17, 2009. *Id.* Before the Court, without oral argument, are AFT's Motion to Dismiss (Ct. Rec. 5) and Mr. Lee's Motion to Amend Complaint (Ct. Rec. 20). For the reasons stated below, the Court grants AFT's motion in part and grants Mr. Lee's motion in part.

ORDER ~ 1

## I. Background[1]

Mr. Lee was a counselor and tenured faculty member in the Speech department at Yakima Valley Community College ("YVCC"). He alleges that AFT discriminated against him by promoting counselors with less seniority because he is African American and AFT prefers Latino employees. He also alleges that in October 2006 AFT sent a letter containing numerous falsehoods, as well as legally protected confidential information, to YVCC President Dr. Linda Kaminski. That letter prompted YVCC to investigate him. The investigation, and AFT's failure to represent him during it, led to his dismissal, which in turn caused Mr. Lee numerous emotional and health problems requiring prescription medications and frequent visits to his doctor.

## II. Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555. In ruling on a motion under Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept all material factual allegations in the

---

[1] The following facts from Mr. Lee's Complaint are accepted as true for the purposes of this motion.

complaint, as well as any reasonable inferences drawn therefrom. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

### III. Analysis

The Court understands Mr. Lee's Complaint to allege five claims against AFT: 1) violation of the duty of fair representation under federal and state law; 2) race discrimination; 3) invasion of privacy; 4) defamation; and 5) unlawful disclosure of statutorily protected confidential information.

**A.   Request for Judicial Notice**

AFT requests that the Court take judicial notice of several documents outside the complaint: the October 2006 letter; an EEOC order closing the file on Mr. Lee's complaint; a letter from a YVCC official containing proposed findings of fact and conclusions of law regarding Mr. Lee's termination; and the YVCC Board of Trustees' final decision to terminate Mr. Lee. AFT introduces those documents to show that the statute of limitations bars Mr. Lee's claims.

Ordinarily, a court may not consider matters outside the pleadings when ruling on a motion to dismiss without converting it into a motion for summary judgment. Fed. R. Civ. P. 12(b)(6); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). A court usually decides whether the limitations period ran on summary judgment, not on the pleadings. Typically, a court may dismiss a complaint as time barred only when the face of the complaint, read liberally, does not permit a showing that the statute of limitations is tolled. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999));

*see also Suckow Borax Mines Consol. v. Borax Consol.*, 185 F.2d 196, 204 (9th Cir. 1951) ("a complaint may be properly dismissed on motion for failure to state a claim when the allegations in the complaint affirmatively show that the complaint is barred by the applicable statute of limitations").

The Court will take judicial notice of the documents AFT requests. In ruling on a motion to dismiss, a court may consider documents that are either essential to a plaintiff's complaint and whose validity is not questioned or are properly subject to judicial notice under Federal Rule of Evidence 201. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). All of the documents for which AFT requests judicial notice are central to Mr. Lee's Complaint. The October 2006 letter is the basis for Mr. Lee's claims for defamation and wrongful disclosure of private information. The EEOC letter is essential to Mr. Lee's discrimination claim, and a court may take judicial notice of EEOC proceedings. *Cunningham v. Litton Indus.*, 413 F.2d 887, 889 n.2 (9th Cir. 1969). And the YVCC documents record Mr. Lee's allegedly unlawful termination. Furthermore, Mr. Lee did not challenge the authenticity of any of the documents submitted. Accordingly, the Court will consider the specified documents in deciding this motion to dismiss.

**B.   Duty of Fair Representation**

The Court understands Mr. Lee's Complaint to allege that AFT breached its duty to represent him in his investigation and ultimate dismissal by YVCC. Under the National Labor Relations Act, a claim based on breach of a union's duty of fair representation must be brought with the NLRB within six months of the violation. 29 U.S.C. § 160(b);

ORDER * 4

*DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 169 (1983). Washington state also applies a six-month limitations period to violations of the state law duty of fair representation. RCW 41.56.080, 160; *see also Allen v. Seattle Police Officers' Guild*, 100 Wn.2d 361, 371-74 (1983).

At this stage, the Court determines that Mr. Lee's claim for breach of the duty of fair representation should not be dismissed. Mr. Lee was terminated on February 7, 2008. (Ct. Rec. 8 Ex. D.) Upon termination, he was no longer an AFT member, and AFT had no duty to represent him. Although this case was filed in state court, not with the NLRB, well over six months after February 7, 2008, Mr. Lee asserts that this case is just the latest iteration of a complaint originally filed within the limitations period. Mr. Lee claims that he originally filed in state court within ninety days of the right to sue letter dated October 10, 2007, or no later than January 10, 2008. According to Mr. Lee, AFT removed the case to federal court, where Mr. Lee tried to amend the complaint to include the AFT-Yakima Executive Board. That case was dismissed because Mr. Lee "could not sue the AFT-Yakima Executive Board." (Ct. Rec. 23 at 1.) In response, Mr. Lee filed this Complaint.

Given the liberal pleading standards for pro se litigants, the Court finds that Mr. Lee's claim is not time-barred. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Based on the Complaint and Mr. Lee's subsequent assertions, it is plausible that Mr. Lee originally filed within the limitations period. He does not specifically say that the original complaint he filed included the fair representation claim, but the Court affords Mr. Lee the benefit of every doubt.

ORDER * 5

**C.   Race Discrimination**

Mr. Lee claims that AFT unlawfully discriminated against him because of his race. AFT argues that this claim must be dismissed because Mr. Lee did not sue within ninety days of receiving a notice of his right to sue from the EEOC. A plaintiff must bring a Title VII suit within ninety days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997). This ninety-day period acts as a statute of limitations. *Scholar v. Pac. Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992) (citing *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990)).

The EEOC issued Mr. Lee a notice of dismissal and right to sue on October 10, 2007. (Ct. Rec. 8 Ex. B.) Ninety days came and went many times before this case was filed. But, as detailed above, Mr. Lee claims to have filed his first complaint before ninety days passed the first time. The Court concludes that dismissal is inappropriate.

**C.   Invasion of Privacy**

Mr. Lee claims that AFT violated his privacy rights because its October 2006 letter to the YVCC administration included confidential medical information. AFT asserts that this claim also is time barred.

Under Washington law, a claim for invasion of privacy is subject to a two-year statute of limitations. RCW 4.16.100; *Eastwood v. Cascade Broad. Co.*, 106 Wn.2d 466, 474 (1986); *St. Michelle v. Robinson*, 52 Wn. App. 309, 312–13 (1988). From the face of Mr. Lee's Complaint, it is clear that the actions giving rise to his privacy claim occurred in October 2006. It is unclear from the current record that Mr. Lee included the invasion of privacy claim in the Complaint he claims to have filed in

ORDER * 6

response to the right to sue letter. Nevertheless, the Court assumes for the sake of this motion that Mr. Lee included the privacy claim in his first complaint, which he filed within the limitations period.

**D.  Defamation**

The October 2006 letter is also the basis for Mr. Lee's defamation claim. Defamation is also subject to a two-year statute of limitations in Washington. RCW 4.16.100. Once again, the Court must resolve all conceivable doubts in Mr. Lee's favor and conclude that his defamation claim is not time-barred. Mr. Lee may have included that claim in the original complaint he asserts he filed ninety days after receiving his EEOC right to sue letter. Assuming that is true, Mr. Lee filed that first complaint within the limitations period.

**E.  Violation of Privilege and Confidentiality**

In his Complaint, Mr. Lee alleges that AFT violated the Washington Uniform Health Care Information Act ("HICA") as well as RCW 71.05.390 and 74.34.095 because it revealed privileged information in its October 2006 letter. AFT asserts that Mr. Lee may not maintain a claim under HICA, but does not address the other two statutes, which deal with disclosure of mental health information and elder abuse reports.

HICA prohibits health care providers, those who assist them in providing health care, and their agents from disclosing health care information about a patient to a third person without written authorization. 70.02.010. No section in that chapter prohibits third parties from disclosing such information. AFT correctly notes that Lee did not allege that it is in one of the classes subject to HICA. The HICA claim is therefore dismissed with prejudice.

ORDER * 7

Because AFT does not address Mr. Lee's claims under the other statutes, however, the Court will not dismiss those claims.

## IV. Motion for Leave to Amend

Mr. Lee moves to amend his complaint to include several new federal claims that he asserts are not barred by any statute of limitations, including claims for ADA, Rehabilitation Act, and § 1981 violations. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings only with the opposing party's consent or the court's leave. "The court should freely give leave when justice so requires." *Id.* But if amendment would be futile, meaning any amendment would not save the complaint, a court should not grant leave to amend. *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

The Court finds that amendment would not be entirely futile, and that Mr. Lee's Americans with Disabilities Act ("ADA") and § 1981 claims could survive a motion to dismiss. To begin, Mr. Lee's Rehabilitation Act claim is invalid and should not be included in an amended complaint. He claims that he is entitled to recover under §§ 501 and 505 of that Act.[2] The former section establishes an affirmative action program for the disabled in federal employment. 29 U.S.C. § 791. It is also understood to

---

[2] AFT addresses its arguments to § 504, which prohibits employment discrimination against the disabled in the administration of a federal program or activity. 29 U.S.C. § 794(a). Although AFT is correct that Mr. Lee is not entitled to recover under § 504 either, he did not request relief under that section.

ORDER * 8

support the EEOC's adoption of regulations to prohibit discrimination against disabled individuals in federal employment. *Redd v. Summers*, 232 F.3d 933, 936 (D.C. Cir. 2000). The latter section applies the remedies from the Civil Rights Act of 1964 to § 501 violations. Because Mr. Lee does not and could not allege that AFT is a federal employer, he may not recover under the sections of the Rehabilitation Act he invokes. Lee also claims that he "developed serious health problems while working in federal programs at [YVCC]." (Ct. Rec. 20 at 2.) To the extent Mr. Lee thereby alleges a violation of § 504 of the Rehabilitation Act, which prohibits discrimination against the disabled in administration of federal programs, his claim is invalid. As AFT correctly observes, that section applies only to programs that receive federal funds. *Consol. Rail Corp. v. Darrone*, 465 U.S. 624, 635–36 (1984). AFT is a labor union, and receives no federal funds. Although Mr. Lee claims that AFT's members all participate in federally-funded programs and AFT's dues comes from its members, AFT is two steps removed from the entity that actually receives the funds. Indirect receipt of federal funds does not make a party a federally funded program. Mr. Lee's Rehabilitation Act claim must not be included in the Amended Complaint.

The ADA claim may stand, however. Before filing an ADA claim in federal court, a plaintiff must lodge a claim with the EEOC within 180 days of the violation. 42 U.S.C. §§ 2000e-5(e), (f); 12117(a) (incorporating Title VII's grievance procedures into the ADA). Like a Title VII claim, an ADA claim must be filed within ninety days of receiving a right to sue letter from the EEOC. *Id.* §, 2000e-5. Mr. Lee's right to sue letter does not clearly indicate whether he complained of

ADA violations to them. (Ct. Rec. 8 Ex. B.) But as discussed above, Lee could have sued for ADA violations within the limitations period if they were included in his EEOC charge and the original complaint he filed in state court. Mr. Lee does not specify how AFT violated the ADA, however. In the amended complaint, Mr. Lee must describe the conduct that constituted the ADA violations.

Mr. Lee's § 1981 claim is not time-barred either. First, it is necessary to determine the statute of limitations. Mr. Lee asserts that § 1981 has no statute of limitations, and indeed that is why he wishes to include a claim under that section. (Ct. Rec. 20 at 3.) But a federal cause of action without its own statute of limitations borrows the limitations period from state law. *Sain v. City of Bend*, 309 F.3d 1134, 1137 (9th Cir. 2002). Federal civil rights statutes that lack a statute of limitations borrow the forum state's personal injury limitations period. *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). The statute of limitations for personal injury cases in Washington requires plaintiffs to bring such cases within three years. RCW 4.16.098. Section 1981 is a civil rights statutes that lacks its own limitations period, so claims under § 1981 must be brought within three years.

Because the Amended Complaint does not specify when the violations occurred, it is inappropriate to assume, as AFT does, that the claim is based on the October 2006 letter. According to the YVCC Board of Trustees' Final Order (Ct. Rec. 8 Ex. D), Mr. Lee was still employed at YVCC until February 7, 2008. Mr. Lee alleged that AFT discriminated him based on his race by failing to represent him during YVCC's investigation

leading up to his termination. If true, that race discrimination continued well after the October 2006 letter, and the statute of limitations does not bar his § 1981 claim. Mr. Lee must specify in the Amended Complaint whether the discrimination continued during the three-year period before when he filed the initial Complaint, and what acts constituted were discriminatory.

### V. Conclusion

Accordingly, **IT IS HEREBY ORDERED:**

1) AFT's Motion to Dismiss **(Ct. Rec. 5)** is **GRANTED IN PART**. Mr. Lee's HICA claim is **DISMISSED with prejudice**.

2) Mr. Lee's Motion for Leave to Amend **(Ct. Rec. 20)** is **GRANTED IN PART**. Leave to amend is granted, but the Amended Complaint must not include the Rehabilitation Act claim and must specify how and when AFT discriminated against him based on his race and violated the ADA. Mr. Lee shall file his amended complaint no later than **June 28, 2010.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to Mr. Lee and to counsel.

**DATED** this ___28th___ day of May 2010.

                            S/ Edward F. Shea
                               EDWARD F. SHEA
                     United States District Judge

Q:\Civil\2009\3112.dism.2.wpd

ORDER * 11