UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ALPHONSO R. LEE,

               Plaintiff,

        v.

AFT-YAKIMA,

               Defendant.

NO. CV-09-3112-EFS

**ORDER RULING ON MOTIONS**

Before the Court, without oral argument, are Plaintiff Alphonso R. Lee's unnoted[1] Motion in Limine, ECF No. 28; Motion to Amend to Find that the AFT-Yakima Failed in its Duty to Represent Mr. Lee in Grievances with Fair Representation, ECF No. 75; and Motion to Apply Claw-Back Rule to the Defendant's Evidence, ECF No. 78; and Defendant American Federation of Teachers - Yakima, Local 1485's ("AFT-Yakima") Motion for Summary Judgment, ECF No. 59.    After reviewing the submitted material and relevant legal authority, the Court is fully informed and takes the action detailed below.

---

[1]  Mr. Lee is hereby cautioned that he must file a Notice of Hearing if he wishes a particular motion to be heard by the Court.  LR 7.1(h)(1). A future failure to file a notice of hearing will result in the Court striking the unnoted motion.

ORDER ~ 1

## I.   BACKGROUND[2]

From approximately 1993 to February 8, 2008, Mr. Lee was a counselor and full-time tenured faculty member in the Speech Department at Yakima Valley Community College ("YVCC").  Mr. Lee is African-American.

While employed by YVCC, Mr. Lee was exclusively represented by AFT-Yakima, a public-sector labor organization that represents YVCC academic employees.  The employment terms for full-time tenured teachers and counselors of YVCC are set forth in a Collective Bargaining Agreement

---

[2] When considering this motion and creating this factual section, the Court considered AFT-Yakima's Statement of Facts in Support of Defendant's Motion for Summary Judgment, ECF No. 61, and Mr. Lee's factual recitation contained within Plaintiff's Opposition to Summary Judgment, ECF No. 77, but not Plaintiff's Additional Examples of AFT-Yakima's Pattern and Practice of Race Discrimination, Racially Hostile Work Environment and Retaliation in Violation of Section 1981, ECF No. 93, filed May 20, 2011, because it was filed well beyond the response deadline.  The Court did not weigh the evidence or assess credibility; instead, the Court believed the undisputed facts and the opposing party's evidence and drew all justifiable inferences therefrom in his favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, the Court did not accept as true assertions made by the opposing party if they were flatly contradicted by the record.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007).  Disputed facts are supported by a citation to the record, while undisputed facts are not.

ORDER ~ 2

("CBA"), ECF No. 63-1 Ex. A, by and between AFT-Yakima and the Board of Trustees of Community College District No. 16.

**A.   Grievance Procedure**

The CBA sets forth a procedure for handling a faculty member's grievance initiated through AFT-Yakima ("Grievance Procedure").[3]   Pursuant to this Grievance Procedure, a three-member Grievance Committee[4] reviews the alleged grievance and recommends to the AFT-Yakima Executive Board ("Executive Board") whether a CBA violation has occurred.[5]   The Executive Board, in turn, independently determines whether a violation has occurred and ultimately, whether or not to pursue the grievance.   If the Executive Board determines the grievance is without merit, an aggrieved employee may appeal; if, however, the Executive Board determines a CBA violation has occurred, the grievance will be arbitrated.   Claims of discrimination under CBA Section 8.14 (formerly Section 8.8) are excluded from the Grievance Procedure; corrective measures under the discipline procedures are likewise not grievable.

---

[3]   Alternatively, grievances can be initiated through YVCC directly.

[4]   The Grievance Committee is appointed by the Executive Board and are volunteer positions.

[5]   In 2006 and 2007, the AFT-Yakima Executive Board was comprised of President Bernal Baca (May 2000-June 2007), President Wilma Dulin (June 2007-June 2010), teacher Kathryn Bauer, Kathleen Ashworth, Bonnie Labbee, and Rhonda Taylor.

Mr. Lee filed numerous grievances with AFT-Yakima during the course of his employment with YVCC.

**B.   The October 10, 2006 Letter**

Before October 2006, Mr. Lee consistently alleged — formally and informally, publically and privately — that YVCC, the Speech Department, and Department Chair James McCormick discriminated against him because of his race by assigning Speech Department teaching opportunities to others who were not African-American.[6]

On May 31, 2005, Mr. McCormick filed a complaint with YVCC against Mr. Lee, alleging that Mr. Lee's allegations were creating a hostile work environment. *Id*. Ex. C. Mr. McCormick's complaint resulted in YVCC concluding that Mr. Lee had violated the standards of ethical conduct, and he was suspended for three days without pay.[7]

---

[6]   AFT-Yakima argues that Mr. Lee's allegations were unfounded, highly public, and deeply offensive. It cites to an October 2005 incident in which Mr. Lee allegedly picketed outside Mr. McCormick's classroom while class was in session, wearing a sandwich board, and alleging that Mr. McCormick and the YVCC speech department were racist, ECF No. 63 ¶ 15; ECF No. 64 ¶ 15; ECF No. 8 Ex. C, ¶ 16. Mr. Lee disputes that he ever wore such a sign. ECF No. 77 at 18. AFT-Yakima also asserts that Mr. Lee consistently attacked Kathryn Bauer's academic qualifications for a teaching position within the Speech Department, even filing two complaints against Ms. Bauer with the Department of Health, which oversees licensing of counselors and social workers.

[7]   Mr. Lee alleges that this three-day suspension violated the CBA.

Yet Mr. Lee persisted in his accusations.  An email purportedly sent by an African-American student to YVCC Assistant Human Resource Director Phyllis Strain, which accused Mr. McCormick of taking certain racially-motivated actions, was believed to have been sent by Mr. Lee.  ECF No. 63 ¶ 18.  Mr. Lee denies he sent the email.  ECF No. 77 at 19.

Ms. Bauer and Mr. McCormick voiced concerns to the Executive Board that Mr. Lee's conduct was having a negative impact on their health, stress levels, and professional reputations.  Also concerned about the impact Mr. Lee's actions were having on other bargaining unit members (and the danger that they were creating a hostile work environment), the Executive Board met with Mr. Lee to address his concerns.  After discussion, the Executive Board unanimously decided to take action.  On October 10, 2006, Mr. Baca, on behalf of the entire Executive Board, sent a letter to YVCC President Dr. Linda J. Kaminski, which detailed Mr. Lee's history of bringing unfounded complaints, the effects those complaints on other bargaining unit members, and requested YVCC take steps to ensure a non-hostile workplace and if necessary, "implement corrective or disciplinary action."  ECF No. 63-1 Ex. D.

## C.  Discipline and Dismissal

In November 2006, Human Resources Director Mark Rogstad filed a complaint against Mr. Lee with Mr. Lee's supervisor, Interim Dean for Arts and Sciences Marc Coomer, alleging that Mr. Lee continued to engage in harassing and intimidating behavior despite previous warnings.[8]  Mr.

---

ECF No. 77 at 19.

[8]  The complaint was made pursuant to CBA Section 9.4, which

ORDER ~ 5

Coomer prepared a report, finding that Mr. Lee was persisting in his behavior and recommending the next step in progressive discipline. Interim Vice President for Instruction and Student Services Thomas Ybarra reviewed Mr. Coomer's report.    Finding that Mr. Lee's conduct was creating a hostile work environment, Mr. Ybarra recommended to Dr. Kaminski that Mr. Lee be terminated. ECF No. 63-1 Ex. E.  On January 11, 2007, Dr. Kaminski wrote Mr. Lee, providing him with a copy of Mr. Ybarra's report, and offering to meet with him to present his reasons why he should not be dismissed.   *Id.*

On January 18, 2007, Mr. Lee filed a grievance with AFT-Yakima, asking that AFT-Yakima stop the anticipated termination and alleging that YVCC's disciplinary actions violated CBA Section 9.4.   The Grievance Committee reviewed the matter and advised the Executive Board that no violation had occurred.   The Executive Board agreed: Mr. Lee's grievance was, in its opinion, without merit and YVCC had followed all CBA procedures.

In February 2007, YVCC initiated dismissal proceedings, which culminated in a contested, multi-day hearing before a Hearing Examiner,

---

requires the supervising administrator and employee to meet to discuss the complaint informally and attempt to resolve it.   AFT-Yakima claims it was prepared to attend Mr. Lee's meeting with Mr. Commer.   This meeting never occurred: AFT-Yakima claims that Mr. Lee refused to attend, ECF No. 63 ¶ 8; Mr. Lee disagrees, arguing that none of Mr. Coomer's proposed meeting dates were mutually agreeable, ECF No. 79 at 11-15.

who, on December 17, 2007, recommended to the YVCC Board of Trustees that Mr. Lee's employment be terminated:

> Overwhelming evidence exists to support the allegations against Mr. Lee in the February 9, 2007 Notice of Dismissal. Mr. Lee ignored the repeated warnings and discipline implemented against him and he continued to engage in a pattern of harassment and intimidation against his colleagues. Mr. Lee clearly used the complaint process to coerce, intimidate, or retaliate against individuals for things other than the discrimination he was asserting. Although Mr. Lee contended that he was subjected to repeated acts of discrimination and retaliation based upon race, he presented no credible evidence in this case that the College Administration, or other faculty members, were motivated by racial or ethnic animus, or that they engaged in any conspiracy against him, retaliatory, racial or otherwise. He also failed to present any significant evidence that his actions were reasonable and not motivated by his own self-interest.

*See* ECF No. 8 Ex. C.

The YVCC Board of Trustees reviewed the Hearing Examiner's findings of fact, conclusions of law, and recommendation, and found sufficient cause to terminate his employment. *Id*. Ex. D, at 3.

Mr. Lee appealed the dismissal decision to Yakima County Superior Court on March 7, 2008; he later appealed the Superior Court's decision to the Washington State Court of Appeals.[9] This appeal is currently pending.

**D.    EEOC Race Discrimination Charge**

On March 6, 2007, Mr. Lee filed a Charge of Discrimination with the Washington State Human Rights Commission and the Equal Employment

---

[9]    The Board of Trustee's ultimate dismissal decision is not a grievable decision; rather, per CBA Section 9.4 and RCW 28B.50.864, Mr. Lee's exclusive remedy was the right to appeal the dismissal decision to superior court.

ORDER ~ 7

Opportunity Commission ("EEOC Charge"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964.  ECF No. 62 Ex. B.  The EEOC charge is the only one filed by Mr. Lee and does not state any facts alleging any disability or discrimination based on such disability.  On or about October 19, 2007, the EEOC issued a Dismissal and Notice of Rights ("Right-to-Sue Letter").

**E.  Procedural History**

On January 14, 2008, Mr. Lee filed a Complaint in Yakima County Superior Court against AFT-Yakima ("2008 Lawsuit").  The Complaint did not allege Title VII, ADA, invasion of privacy, or defamation claims. AFT-Yakima removed the case to federal court, *Lee v. Yakima Valley Cmty. Coll. AFT-Yakima Exec. Bd. (2006-2007)*, 08-CV-3013.  On July 7, 2008, Mr. Lee sought to amend his Complaint to include as defendants only the individual members of the 2006-2007 Executive Board, rather than AFT-Yakima.  District Judge Lonny Suko granted Mr. Lee's motion to amend, and subsequently recognized:

> [i]t is clear that [Mr. Lee] sought to amend his complaint to limit his claims to a small group of individual members of AFT-Yakima – the 2006-2007 AFT-Yakima Executive Board.  The Amended Complaint no longer contains any reference to AFT-Yakima.[10]

On October 31, 2008, Mr. Lee's claims were dismissed with prejudice.  Mr. Lee did not appeal.

Mr. Lee filed the instant complaint in Yakima County Superior Court against AFT-Yakima on October 30, 2009, alleging breach of the duty of fair representation, violation of privacy rights, defamation, violation

---

[10] Mr. Lee claims that he "always intended to sue AFT-Yakima."  ECF No. 77 at 24.

ORDER ~ 8

of psychotherapist confidentiality, and discrimination in violation of Title VII.  ECF No. 1.  AFT removed the suit to this Court on November 17, 2009.  *Id.*[11]

AFT-Yakima moved for summary judgment on February 22, 2011.  ECF No. 59.  On March 10 and 15, 2011, Mr. Lee filed four documents: Expert Report of Alphonso Lee on Counselor Law and Communication Studies Part 1, ECF No. 66; Dr. Wallace Strong's Expert Report on AFT-Yakima Race Discrimination and Racially Hostile Work Environment Against Alphonso Lee Part 1, ECF No. 67; Dr. Earl Martin's Expert Report on Counselor Law and Responsibilities of Counselor Part 1, ECF No. 71; and Declaration of Nick Esparza, ECF No. 72.  Then, on March 28, 2011, Mr. Lee filed an Opposition to Summary Judgment, ECF No. 77.

Mr. Lee also filed the following documents: 1) March 25, 2011 Motion to Amend to Find that the AFT-Yakima Failed in its Duty to Represent Mr. Lee in Grievances with Fair Representation, ECF No. 75; and 2) March 28, 2011 Motion to Apply Claw-Back Rule to the Defendant's Evidence, ECF No. 78.  The Court addresses the motions below.

## II.  DISCUSSION

### A.  Defendant's Motion for Summary Judgment

AFT-Yakima seeks summary judgment on each of Mr. Lee's eight claims: violation of the duty of fair representation under federal and state law;

---

[11]  On June 28, 2010, Mr. Lee filed a Motion to Amend Complaint, ECF No. 27, which the Court construed as an Amended Complaint, ECF No. 31, and which appears to summarize — not supercede — his original complaint.

ORDER ~ 9

race discrimination; invasion of privacy; unlawful disclosure of statutorily-protected confidential information; defamation; violation of the Americans with Disabilities Act (ADA), § 1981 violations; and violation of the Washington Law Against Discrimination (WLAD), RCW 49.60 *et seq*. Mr. Lee opposes the motion, arguing that genuine issues of material fact exist for trial.

    1.  Standard

    Summary judgment is appropriate if the record establishes "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party opposing summary judgment must point to specific facts establishing a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Celotex Corp.*, 477 U.S. at 322.

    2.  Duty of Fair Representation

    Mr. Lee's Complaint alleges that AFT-Yakima breached its duty to represent him in the investigation and ultimate dismissal by YVCC.

        a.  *Mr. Lee's breach-of-fair-representation claim is untimely*

    Under the National Labor Relations Act (NLRA), a claim based on breach of a union's duty of fair representation must be brought with the National Labor Relations Board (NLRB) within six months of when he learned or should have learned of the violations. 29 U.S.C. § 160(b); *DelCostello v. Int'l Bd. of Teamsters*, 462 U.S. 151, 169 (1983); *Galindo*

*v. Stoody*, 793 F.2d 1502, 1509 (9th Cir. 1986) (ruling that the statute begins to accrue when claimant discovered or should have discovered the acts constituting the alleged breach).  Washington also applies a six-month limitations period to violations of the state law duty of fair representation.  RCW 41.56.080, .160; *see also Allen v. Seattle Police Officers' Guild*, 100 Wn.2d 361, 371–74 (1983).

Mr. Lee's claim for breach of duty of fair representation is time-barred.  Upon Mr. Lee's February 7, 2008 termination, he was no longer an AFT-Yakima member and AFT-Yakima had no duty to represent him.  This case was filed in state court (not with the NLRB) on October 30, 2009: well over six months after his February 7, 2008 termination.

Yet Mr. Lee filed his 2008 Lawsuit, which claimed, *inter alia*, that AFT-Yakima breached its duty to represent him by "allow[ing] the YVCC administration to manufacture a[n October 10, 2006] complaint" that did not comply with the CBA, ECF No. 62 Ex. D, on January 14, 2008: before he was terminated from YVCC.  After AFT-Yakima removed the 2008 lawsuit to federal court, Mr. Lee voluntarily dropped AFT-Yakima as a defendant.[12]  That case was subsequently dismissed with prejudice; Mr. Lee did not appeal, but filed this Complaint instead.

An amended complaint that drops a defendant named in the original complaint, whether intentionally or inadvertently, effectively dismisses that defendant from the action.  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *see also Hal Roach Studios, Inc. v. Richard*

---

[12]    Judge Suko then rejected Mr. Lee's claim that he did not intend to drop AFT-Yakima as a defendant.

ORDER ~ 11

*Feiner & Co. Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (recognizing that because an amended complaint supersedes the original, a defendant dropped from the original complaint was no longer a party and judgment could not be entered against him).    Such dismissal is without prejudice; it "terminates the action and concludes the rights of the parties in that particular action."    *United States v. California*, 507 U.S. 746, 756 (1993).

Here, when Mr. Lee dropped AFT-Yakima from the 2008 Lawsuit, his claims against AFT-Yakima were effectively voluntarily dismissed without prejudice.    And while Mr. Lee was permitted to re-file a complaint asserting the same claims, *see generally* Black's Law Dictionary (8th ed. 2004), the statute of limitations on all claims against AFT-Yakima continued to run as if the suit had never been brought, *see Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959); *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987).    And the statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice.    *Brennan v. Kulik*, 407 F.3d 603 (3d Cir. 2005); *Bost v. Fed. Express Corp.*, 372 F.3d 1233 (11th Cir. 2004).    Thus, his breach of duty of fair representation claim is time-barred because he did not file the instant lawsuit against AFT-Yakima until October 30, 2009: one year after the 2008 Lawsuit was dismissed.[13]

---

[13]    Furthermore, Mr. Lee failed to present any circumstances that would allow the Court to equitably toll the statute of limitations.    *See Irwin v. Veterans Admin.*, 498 U.S. 89 (1990) (recognizing grounds for equitable tolling); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204,

ORDER ~ 12

Accordingly, Mr. Lee's breach of duty of fair representation claim is time-barred.

        b.    *Mr. Lee's breach-of-fair-representation claim fails on the merits*

A union must fairly represent its members. *Allen v. Seattle Police Officers' Guild*, 100 Wn.2d 361, 374 (1983). To establish a breach of that duty, a plaintiff must show that the union's conduct was "discriminatory, arbitrary, or in bad faith." *Muir v. Council 2 Wash. State Council of Cnty. & City Emps., et al.*, 154 Wn. App. 528, 531 (2009), *rev. denied*, 169 Wn.2d 1008 (2010); *see also Vaca v. Sipes*, 389 U.S. 171, 190 (1967); *Lindsey v. Mun. of Metro. Seattle*, 49 Wn. App. 145, 148 (1987).

Substantial deference is afforded to a union's decision, in order to allow unions to balance the collective and individual interests of those they represent. *Lindsey*, 49 Wn. App. at 149. Ignoring a meritorious grievance or processing it in a perfunctory manner will constitute a breach. *Muir*, 154 Wn. App. at 531. "But a union has no duty to arbitrate every grievance; it may screen its members' grievances and process only those it determines have merit." *Id*. at 531-32. Unions are not liable for good faith, non-discriminatory judgment errors in evaluating the merits of a grievance or in interpreting the particular

1207 (9th Cir. 1995) (explaining that equitable tolling focuses primarily on the plaintiff's excusable ignorance of the limitations period); *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998) (explaining that the doctrine is not available to avoid consequences of one's own negligence).

ORDER ~ 13

provisions of a CBA.  *Id.* at 533.  "To establish that the union's exercise of judgment was in bad faith, the plaintiff must show substantial evidence of fraud, deceitful action or dishonest conduct." *Beck*, 506 F.3d at 880.

None of AFT-Yakima's actions toward Mr. Lee constituted a breach of its duty to fairly represent Mr. Lee.  First, the Executive Board's October 10, 2006 letter served the legitimate union objective of seeking a non-hostile workplace for its members.  The undisputed evidence shows that, at the time of the October 10, 2006 letter, the Executive Board was concerned[14] that Mr. Lee's actions were creating a hostile work environment for YVCC employees.  The Executive Board met multiple times to discuss Mr. McCormick's May 31, 2005 complaint, Mr. Lee's actions, and the impact on union members.  After balancing AFT-Yakima's duty to represent the collective interests of all AFT-Yakima members against its duty to represent the individual interests of Mr. Lee, the Executive Board unanimously decided to write the October 10, 2006 letter to YVCC president Dr. Kaminski, requesting that the District take steps to ensure a non-hostile workplace.  Mr. Lee failed to present any evidence that the October 10, 2006 letter regarding his creation of a hostile work environment was unreasonable, discriminatory, or otherwise taken in bad faith.

---

[14]  Mr. McCormick and Mr. Bauer had sought assistance from AFT-Yakima to address Mr. Lee's conduct, which allegedly created a hostile work environment.

ORDER ~ 14

Second, AFT-Yakima met its duty to fairly represent Mr. Lee during his discipline and dismissal proceedings.  There is no evidence that AFT-Yakima's decisions to discipline and ultimately dismiss Mr. Lee were unreasonable.  *See Air Line Pilots Assn., Int'l v. O'Neill,* 499 U.S. 65, 67 (1991) (internal citation omitted) (A union's actions are arbitrary "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' . . . as to be irrational.").  Nor is there any evidence that he was deprived of his right to a hearing on his dismissal or that he did not receive all procedural rights to which he was entitled under the CBA.  Thus, the Court finds the Executive Board observed all CBA procedural requirements and acted with a rational basis to serve the legitimate union objective of ensuring a non-hostile work environment for its members in disciplining and ultimately dismissing Mr. Lee.

Third, AFT-Yakima's determination that Mr. Lee's January 18, 2007 grievance was without merit is entitled to great deference.  "A union's duty requires some minimal investigation of employee grievances, the thoroughness depending on the particular case; only an egregious disregard for union members' rights constitutes a breach of the union's duty."  *Muir,* 154 Wn. App. at 532 (internal quotation marks omitted).  Mr. Lee alleges, *inter alia*, that AFT-Yakima grievance representative Bonnie Labbee allegedly said "no comment" in response to Mr. Lee's request for representation, "walked out of the grievance meeting and never wrote a grievance report," ECF No. 77 at 5.  Yet, the uncontroverted evidence shows that the Grievance Committee investigated and evaluated Mr. Lee's January 18, 2007 grievance (which asked AFT-

Yakima to stop the complaint and dismissal proceedings YVCC had recommended be instituted against him), and advised the Executive Board that, in its opinion, no violation of the CBA occurred.  The Executive Board independently determined the grievance to be without merit because YVCC complied with its CBA requirements to initiate a dismissal hearing and provided him with all rights for which he is entitled in the course of such hearing.  Mr. Lee fails to demonstrate how AFT-Yakima and Ms. Labbee's conduct rises to the level of "an egregious disregard for union members' rights," *Muir,* 154 Wn. App. at 532.

Furthermore, to the extent Mr. Lee alleges that AFT-Yakima did not represent him when YVCC allegedly discriminated against him, that argument fails because AFT-Yakima has no legal authority to pursue such grievance: claims of discrimination under CBA Section 8.14,[15] are excluded from the Grievance Procedure.  And to the extent Mr. Lee alleges that AFT-Yakima breached its duty in not arbitrating his grievances related to YVCC's speech department course assignments, the decision to assign or not assign a course to an adjunct faculty (as recommended by the department head and determined by the supervising dean) is solely within YVCC's discretion.  *See* ECF No. 63-1 Ex. A, Art. XII.

Finally, Mr. Lee failed to put forth any evidence, let alone substantial evidence, that AFT-Yakima's conduct toward Mr. Lee was discriminatory, arbitrary, or in bad faith.  *Beck v. United Food & Comm'l Workers, Local 99*, 506 F.3d 874, 880 (9th Cir. 2007) ("To establish that the union's exercise of judgment was discriminatory, a plaintiff must

---

[15]    Formerly Section 8.8.

ORDER ~ 16

1  adduce  substantial  evidence  of  discrimination  that  is  intentional,

2  severe, and unrelated to legitimate union objectives.") . Accordingly, Mr.

3  Lee's breach of duty of fair representation claim is dismissed.

4    3.  <u>Race Discrimination</u>

5    Mr. Lee claims that AFT-Yakima unlawfully discriminated against him

6  based on his race by failing to represent him during YVCC's investigation

7  leading up to his termination.

8    a.  *Mr. Lee's race discrimination claim is time-barred*

9    A plaintiff must bring a Title VII suit within ninety days of

10  receiving a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-

11  5(f)(1); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir.

12  1997).  This ninety-day period acts as a statute of limitations.  *Scholar*

13  *v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992) (citing *Edwards v.*

14  *Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990)).  Although

15  Mr. Lee's 2008 Complaint was filed within 90 days of the October 19, 2007

16  Right-to-Sue Letter based on race discrimination in violation of Title

17  VII, the 2008 Complaint did not assert a Title VII race discrimination

18  claim.  Thus, the claim was first asserted against AFT-Yakima in the

19  instant proceeding, on October 30, 2009.[16]  Because Mr. Lee received the

20  EEOC's Right-to-Sue Letter two years earlier, (on October 19, 2007), the

21  claim is time-barred.

22

23    [16]  And as discussed above, because Mr. Lee dropped AFT-Yakima from

24  the 2008 Lawsuit (effectively dismissing AFT-Yakima), the statute of

25  limitations continued to run as if the 2008 Lawsuit had never been

26  brought.

ORDER ~ 17

1      b.   *Mr. Lee's Title VII claim fails on the merits*

2           Section 703(c)(1) of Title VII makes it "an unlawful employment

3    practice for a labor organization . . . to discriminate against [] any

4    individual because of his race, color, religion, sex or national origin."

5    42 U.S.C. § 2000e-2(c)(1).   Claims against unions under Title VII are

6    evaluated under the burden-shifting framework set forth in *McDonnell*

7    *Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  *See Beck*, 506 F.3d

8    at 882.   Thus, Mr. Lee must show 1) YVCC violated the collective

9    bargaining agreement with respect to Mr. Lee, 2) AFT-Yakima breached its

10   duty of fair representation by allowing the breach to go unrepaired, and

11   3) there is some indication that AFT-Yakima's actions were motivated by

12   discriminatory animus.   *See Bugg v. Int'l Union on Allied Indus. Workers*

13   *of Am.*, 674 F.2d 595 (9th Cir. 1982).  Here, Mr. Lee cannot make a prima

14   facie case of discrimination because, although he is African American,

15   he cannot show that AFT-Yakima breached its duty of fair representation

16   or that it was motivated by discriminatory animus.   To the contrary, the

17   undisputed facts show that AFT-Yakima's actions in investigating,

18   disciplining, and ultimately terminating Mr. Lee were motivated by

19   legitimate, non-discriminatory reason of ensuring a non-hostile work

20   environment.   Accordingly, Mr. Lee's Title VII claim is dismissed.

21        4.   <u>Invasion of Privacy</u>

22        Mr. Lee claims that AFT-Yakima's October 10, 2006 letter to the YVCC

23   violated his privacy rights.

24           a.   *Mr. Lee's invasion-of-privacy claim is time-barred*

25        Mr. Lee's invasion of privacy claim is time-barred.   Under

26   Washington law, a claim for invasion of privacy is subject to a two-year

statute of limitations.  RCW 4.16.100; *Eastwood v. Cascade Broad. Co.*, 106 Wn.2d 466, 474 (1986); *St. Michelle v. Robinson*, 52 Wn. App. 309, 312–13 (1988).  Mr. Lee did not include this claim in the 2008 lawsuit; rather, he first asserted it in the instant Complaint.  Because it is clear from the face of Mr. Lee's Complaint that his invasion-of-privacy claim arises solely from the October 10, 2006 letter and he waited three years from that letter before bringing an invasion of privacy claim, the claim is time barred.

> b.  *Mr. Lee's invasion-of-privacy claim fails on the merits*

Mr. Lee's invasion-of-privacy claim also fails on the merits.  The invasion of privacy claim "premises liability on the publication of a private matter that would be highly offensive to a reasonable person and is not a legitimate concern to the public." *Adams v. King Cnty.*, 164 Wn.2d 640, 661 (2008).  Mr. Lee has failed to identify any information in the October 10, 2006 letter which involves any personal information that would be highly offensive to a reasonable person.  The letter merely details Mr. Lee's behavior involving YVCC teachers, students, and administrators, information that was well-known to his employer and the letter's recipient, YVCC President Dr. Kaminski.  Finally, Mr. Lee failed to show that the communication was publicized to the public at large.  *See Mayer v. Huesner*, 126 Wn. App. 114, 122, *rev. denied*, 155 Wn.2d 1019 (2005) (finding invasion of privacy claim unfounded where private information was discussed in a letter to employer); *Fisher v. State ex rel. Dep't of Health*, 125 Wn. App. 869, 879 (2005) (recognizing that communication to a person or small group does not create liability).  Accordingly, Mr. Lee's claim for invasion of privacy is dismissed.

ORDER ~ 19

1      5.   <u>Disclosure of Statutorily-Protected Confidential Information</u>

2          Mr. Lee relies on several Washington statutes to argue that the

3  October 10, 2006 letter contained statutorily-protected confidential

4  information.  These arguments fail as a matter of law.

5          First, RCW 70.02.030, .040, and .060,[17] which govern the relationship

6  between patients and health care providers, and RCW 71.05.390, which

7  protects from disclosure "all information and records compiled, obtained,

8  or maintained in the course of providing" mental-health treatment

9  services, do not apply.   None of the relevant documents could be

10 construed to contain any mental-health treatment information.

11         Second, RCW 74.34.095 protects from disclosure information relating

12 to reports of abandonment, abuse, exploitation, or neglect of "vulnerable

13 adults," and the investigation thereof.  Even if Mr. Lee could establish

14 that the "student" referenced in AFT-Yakima's letter was a "vulnerable

15 adult" and that he was a "mandated reporter" under RCW 74.34.020(11),

16 AFT-Yakima's letter does not identify a statutorily-protected report (of

17 abandonment, abuse, financial exploitation, or neglect), and does not

18 reveal the "files, reports, records, communications, and working papers

19

20 _____

21         [17]  *See* RCW 70.02.030 (governing disclosures made by patients to

22 health care providers, outlining the procedure for which such requests

23 are valid); RCW 70.02.040 (allowing a patient to revoke his authorization

24 allowing a health care provider to disclose information at any time); RCW

25 70.02.060 (prohibiting the health care provider from disclosing

26 information about the patient without his consent).

ORDER ~ 20

used or developed in the investigation or provision of a protective services." RCW 74.34.095.

Third, Mr. Lee's argument that his grievances and the information contained in the October 10, 2006 letter are privileged because they are exempted from the Public Disclosure Act (PDA) is unpersuasive. The PDA ensures government transparency by "requir[ing] state and local agencies to disclose all public records upon request, unless the record falls within a specific PDA exemption or other statutory exemption." *Bellevue John Does 1-11 v. Bellevue Sch. Dist. #405*, 164 Wn.2d 199, 209 (2008). The Act exempts only "those categories of public records most capable of causing substantial damage to the privacy rights of citizens or damage to vital functions of government." *Limstrom v. Ladenburg*, 136 Wn.2d 595, 603, 607 (1998); *see* RCW 42.17.010(11).

RCW 42.56.230 exempts from public disclosure certain personal information in files maintained for employees of any public agency to the extent that disclosure would violate their right to privacy. As stated above, Mr. Lee failed to demonstrate that anything in the October 10, 2006 letter was highly offensive to a reasonable person and, thus, violated his privacy rights. *Spokane Research & Def. Fund v. City of Spokane*, 99 Wn. App. 452, 455 (2000) ("A person's right to privacy is violated only if disclosure of information about the person: (1) would be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public."). Indeed, "even if the disclosure of the information would be offensive to the employee, it shall be disclosed if there is a legitimate or reasonable public interest in its disclosure."

*Id.* And RCW 42.56.240,[18] which exempts from public inspection certain "investigative, law enforcement, and crime victim information," is similarly inapplicable. Mr. Lee cannot demonstrate that the disclosure of the allegedly confidential information contained in the October 10, 2006 letter would interfere with effective law enforcement. *See Washington v. Jones*, 96 Wn. App. 369, 378 (1999) (recognizing that the information contained in the files must be "essential to effective law enforcement"), or violate his right to privacy. Because none of the statutes cited by Mr. Lee establish a privilege for any information in the October 10, 2006 letter, these claims are dismissed.

        6.    Defamation

        Mr. Lee's defamation claim, which is based on the October 10, 2006 letter, also fails. Defamation is subject to a two-year statute of limitations in Washington. RCW 4.16.100. Mr. Lee did not bring his defamation claim in the 2008 lawsuit; rather, he first asserted such claim against AFT-Yakima in the instant October 30, 2009 complaint. But even if that claim is not time-barred, Mr. Lee's defamation claim fails on the merits. To establish a prima facie defamation claim, Mr. Lee must

---

[18] RCW 42.56.240 reads:

The following investigative, law enforcement, and crime victim information is exempt from public inspection and copying under this chapter: (1) Specific intelligence information and specific investigative records compiled by investigative, law enforcement, and penology agencies, and state agencies vested with the responsibility to discipline members of any profession, the nondisclosure of which is essential to effective law enforcement or for the protection of any person's right to privacy.

ORDER ~ 22

show 1) AFT-Yakima's statement was false, 2) the statement was unprivileged, 3) AFT-Yakima was at fault, and 4) the statement proximately caused damages. *Caruso v. Local Union No. 690*, 107 Wn.2d 524, 529 (1987). He cannot. Mr. Lee argues that the October 10, 2006 letter falsely claimed that Mr. Lee: 1) wrote the student-written email against Mr. McCormick; and 2) claimed that Mr. Lee called the Speech Department racist. Yet the evidence shows that the October 10, 2006 letter merely represents Mr. Bernal's understanding as to the results of the investigation into the student's complaint. Furthermore, Mr. Lee has consistently and publicly argued that Mr. McCormick, the Speech Department, and YVCC have discriminated against him based on his race. Accordingly, the Court finds that Mr. Lee failed to identify any specific, material facts supporting the defamation elements: there is no evidence that any factual statement in the October 10, 2006 letter was indeed false, discussed an unprivileged communication, or proximately caused damages.[19] *See Mohr v. Grant*, 153 Wn.2d 812, 822 (2005) ("To survive a motion for summary judgment, a defamation plaintiff must allege facts that would raise a genuine issue of fact as to each element").

    7. <u>ADA Claim</u>

    a. *Mr. Lee failed to exhaust administrative remedies*

---

[19] To the contrary, Mr. Lee himself states that "[t]he Hearing Officer did not admit the AFT-Yakima's October 2006 letter as evidence for my dismissal." ECF No. 1 ¶ 22.0; ECF No. 8 Ex. C (recognizing that YVCC has not put on testimony that the letter made "one iota of difference" in the dismissal actions).

ORDER ~ 23

Before filing an ADA claim in federal court, a plaintiff must lodge a claim with the EEOC within 180 days of the violation. 42 U.S.C. §§ 2000e-5(e), (f); 12117(a) (incorporating Title VII's grievance procedures into the ADA); *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). Mr. Lee's March 6, 2007 EEOC charge against AFT-Yakima marked "race" as the sole basis of the discrimination. He did not allege that he had a disability or that AFT-Yakima discriminated against him on those grounds. Where, as here, the sole claim of the plaintiff's EEOC charge is race discrimination, the plaintiff fails to exhaust his administrative remedies for discrimination based on another protected characteristic. *See Lowe v. City of Monrovia*, 775 F.2d 998, 1003-1004 (9th Cir. 1985), *as amended; Shah v. Mt. Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 271-72 (9th Cir. 1981); *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). Mr. Lee's failure to properly exhaust his administrative remedies requires dismissal of his ADA claim.

      b.   *Mr. Lee's ADA claim is time-barred*

Like a Title VII claim, an ADA claim must be filed within ninety days of receiving a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5. Because Mr. Lee failed to establish that he brought his ADA claim against AFT-Yakima within ninety days of his receipt of the Right-to-Sue Letter, his ADA claim would be barred even if his EEOC charge had included a claim for disability-as opposed to race-discrimination.

      c.   *Mr. Lee failed to establish a prima facie case of disability discrimination*

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

ORDER ~ 24

This requires, first, establishing a disability[20] and then, second, the ability to perform the essential functions of the position with or without reasonable accommodation. *Hutton v. Elf Atochem N. Am.*, 273 F.3d 884, 891 (9th Cir. 2001); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1004, 1112 (9th Cir. 2000).[21]   Mr. Lee has not established either. Indeed, Mr. Lee alleges that his health conditions resulted from the allegedly unlawful treatment of him by AFT-Yakima and YVCC, rather than served as a basis for it.   ECF No. 27-1 at 40.   Furthermore, his

---

[20]   A disability is defined as 1) a physical or mental impairment that substantially limits one or more of the individual's major life activities; 2) a record of such an impairment; or 3) being regarded as having such an impairment.  42 U.S.C. § 12102(1).

[21]   If a plaintiff can so prove, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  If the employer carries its burden, the plaintiff has an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the employer were not its true reasons, but a pretext for discrimination.  *Id.; see Tex. Dep't of Comm'y Affairs v. Burdine*, 405 U.S. 248, 252-53 (1981).  Because he cannot make a prima facie case, the Court need not determine YVCC's reasons for his termination. Nevertheless, Mr. Lee has not established that AFT-Yakima knew of the disability and either discriminated against him on that basis or failed to provide him with reasonable accommodation.  *See* 42 U.S.C. § 12112.

ORDER ~ 25

1  complained of fatigue and headaches during his dismissal hearing, *id.* at

2  42, do not rise to the level of a disability.  Accordingly, Mr. Lee's ADA

3  claim is dismissed.

4      8.  <u>Section 1981 Claim</u>

5      Mr. Lee's § 1981 claim also fails.  A union may violate 42 U.S.C.

6  § 1981 if "by racial discrimination it interferes with its members'

7  ability to enforce their contract." *Woods v. Graphic Commc'ns*, 925 F.2d

8  1195, 1202-03 (9th Cir. 1991).    Mr. Lee must produce evidence showing

9  that AFT-Yakima treated him differently during the grievance process than

10  others similarly situated because of his race.  *See Morris v. United*

11  *Steel Workers of Am. Local 4889*, No. 08-3398, 2010 WL 933807 (E.D. Pa.

12  2010) (determining that a prima facie case of discrimination under § 1981

13  requires showing that "(1) he was a member of a protected class; (2) he

14  was qualified to have the union represent him in a grievance process; (3)

15  that a grievance process existed; and (4) that similarly situated non-

16  protected grievance filers were treated differently."). "Liability under

17  § 1981 requires a discriminatory motive." *Woods*, 925 F.2d at 1203.

18      Here, Mr. Lee cannot establish that he was qualified to have AFT-

19  Yakima represent him in any grievance related to discrimination or course

20  assignments.  Mr. Lee alleges that AFT-Yakima discriminated against him

21  based on his race by failing to represent him during YVCC's investigation

22  leading up to his termination.  As discussed, the CBA expressly excludes

23  race discrimination claims from the Grievance Procedure and course

24  assignments are expressly within the YVCC's discretion.  Finally, Mr.

25  Lee's mere assertions of race discrimination lack adequate factual

26

1  foundation and, thus, do not create an issue of fact.  Accordingly, Mr.

2  Lee's ADA claim is dismissed.

3       9.  <u>WLAD</u>

4       Any claim that AFT-Yakima breached the WLAD based on acts arising

5  before October 30, 2006, (three years before the date this action

6  commenced) are time-barred.  RCW 49.16.080(2).  And although Mr. Lee

7  brought a WLAD claim against AFT-Yakima in the 2008 litigation, the

8  statute of limitations continued to run once Mr. Lee was deemed to have

9  voluntarily dismissed AFT-Yakima from the case.  Finally, for the reasons

10 set forth above in the context of § 1981 and Title VII, Mr. Lee cannot

11 establish a prima facie case of race discrimination.  *See Surrell v. Cal.*

12 *Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008) (recognizing that

13 race discrimination claims under RCW 49.60, like those under Title VII

14 and § 1981, are governed by the *McDonnell-Douglas* burden-shifting

15 framework).  Accordingly, Mr. Lee's WLAD claim is dismissed.

16 **B.  Application of the "Claw Back" Rule**

17      Without identifying any particular documents in the record, Mr. Lee

18 moves the Court to apply the "claw back" rule and remove "names, records,

19 reports, investigations, testimony and other privileged information" from

20 AFT-Yakima's filings.  Washington State Superior Court Civil Rules (CR)

21 26 and 45 sets forth a "Claw Back" process for retrieving or revoking

22 inadvertent disclosures of work product or privileged information.  *See*

23 CR 26(b)(6) & Fed. R. Civ. P. 26(b)(5)(B) (collectively "Rule 26")

24 (prohibiting use of information inadvertently released in discovery as

25 evidence if such information "is subject to a claim of privilege or of

26

ORDER ~ 27

protection as trial-preparation material"); CR 45 & Fed. R. Civ. P. 45 (collectively "Rule 45") (governing quashing of subpoenas for privileged information).  Mr. Lee apparently argues that several Washington statutes establish a privilege for the Court to apply the "claw back" rule.

The Court declines to do so because, after careful review of the record, it is unable to find any documents that are medically sensitive, confidential, or otherwise privileged.  As set forth above, Mr. Lee cannot show that these documents were privileged and confidential because they 1) cannot be construed to contain any medical or mental-health treatment information, *see* RCW 70.02.030, .040, .060; RCW 71.05.390; 2) do not involve the disclosure of information relating to reports of abandonment, abuse, exploitation, or neglect of "vulnerable adults," RCW 74.34.095; and 3) do not amount to a privacy-rights violation and, thus, do not fall within one of the PDA exceptions.[22]  Accordingly, Mr. Lee's motion to apply the "Claw Back" rule and motion in limine are denied.

## C.    Mr. Lee's Motion to Amend the Complaint

Mr. Lee moves to amend his Complaint to include "additional material facts for trial," a review of issues Mr. Lee raised in two grievance-related requests (one on October 20, 2003, and the other on January 18,

---

[22]  See RCW 42.56.230(1) (exempting certain personal information in files maintained for employees of any public agency to the extent that disclosure would violate their right to privacy) and RCW 42.56.240 (exempting from public inspection certain "investigative, law enforcement, and crime victim information").

ORDER ~ 28

2007), and allegations that AFT-Yakima violated its duty of fair representation in processing those requests. AFT-Yakima opposes the motion because 1) it would inflict "undue hardship" on AFT-Yakima, and 2) amendment would be futile.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings only with the opposing party's consent or the court's leave. "The court should freely give leave when justice so requires." *Id.*

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Not all of the factors merit equal weight. *Eminence Capital, LLC*, 316 F.3d at 1052. In fact, prejudice to the opposing party is given the most consideration, *id.*; while, delay alone is an insufficient reason to deny the motion to amend. *Loehr v. Ventura Cnty. Cmty Coll. Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052; *see Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973). But if amendment would be futile, meaning any amendment would not save the complaint, a court should not grant leave to amend. *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

The Court denies Mr. Lee's motion to amend for two reasons.  First, preparing new summary judgment briefing to respond to Mr. Lee's additional duty of fair representation allegations at this late stage would cause undue hardship and waste judicial resources.  Mr. Lee's previous pleadings asserted "breach of duty of fair representation," ECF No. 27 at 4, and the Court has previously recognized that claim: "The Court understands [Mr. Lee's] Complaint to allege . . . violation of the duty of fair representation under federal and state law," ECF No. 26 at 3.  AFT-Yakima filed the instant motion for summary judgment responding to Mr. Lee's duty of fair representation claim, likely at considerable expense.  Mr. Lee now seeks leave of Court to reassert that claim: such leave is unnecessary and would require AFT-Yakima to incur additional fees and costs responding to Mr. Lee's revised claim for breach of duty of fair representation.

Second, amendment would be futile because Mr. Lee has failed to show how amendment would cure the deficiencies discussed above.  Mr. Lee presents no additional material facts to rebut AFT-Yakima's claim that the duty-of-fair-representation claims are barred by the six-month statute of limitations: Mr. Lee's claim based on an alleged January 18, 2007 failure to represent him is time-barred because he filed this action almost three years after that date (October 30, 2009), and the 2008 action one year after that date (January 14, 2008).  And the October 20, 2003 incident is even more stale.  Finally, the proposed amendment presents no material facts to support a prima facie case that AFT-Yakima violated the duty of fair representation: neither of the two incidents

1   upon which Mr. Lee focuses in his motion to amend would justify this
2   finding.

3          Although  Mr.  Lee's  decision  to  reassert  his  duty  of  fair
4   representation claim does not change the nature of the claims, it impacts
5   the pending summary judgment motion and prejudices AFT-Yakima's ability
6   to defend itself.  Therefore, because amendment would not benefit Mr. Lee
7   but would prejudice AFT-Yakima by incurring additional fees and costs
8   when responding to the proposed amended complaint, Mr. Lee's request to
9   amend his complaint is denied.

10  **D.   Conclusion**

11         For the foregoing reasons, **IT IS HEREBY ORDERED:**

12         1.   Plaintiff's Motion in Limine, **ECF No. 28**, is **DENIED**.

13         2.   Plaintiff's Motion to Amend to Find that the AFT-Yakima Failed
14  in its Duty to Represent Mr. Lee in Grievances with Fair Representation,
15  **ECF No. 75**, is **DENIED**.

16         3.   Plaintiff's Motion to Apply Claw-Back Rule to the Defendant's
17  Evidence, **ECF No. 78**, is **DENIED**.

18         4.   AFT-Yakima's Motion for Summary Judgment, **ECF No. 59**, is
19  **GRANTED**.

20         5.   **JUDGMENT** is to be entered in Defendant's favor with prejudice.

21         6.   All pending trial and hearing dates are **STRICKEN**.

22         7.   This file shall be **CLOSED**.

23         **IT IS SO ORDERED.**  The District Court Executive is directed to enter
24  //
25  /
26

ORDER ~ 31

1   this Order and provide copies to Plaintiff and counsel.

2          **DATED** this ___3rd___ day of June 2011.

3

4                    S/ Edward F. Shea
                     EDWARD F. SHEA
5               United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 32