UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALPHONSO R. LEE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>AFT-YAKIMA,<br><br>　　　　　Defendant. | NO. CV-09-3112-EFS<br><br>**ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS** |

Before the Court, without oral argument, are two motions filed by Plaintiff Alphonso Lee: Plaintiff's Motion to Vacate Dismissal, ECF No. 96, and Plaintiff's Motion for Reconsideration, Leave to File Supplemental Complaint and Amended Complaint, ECF No. 98. After reviewing the submissions of the parties, the record in this case, and applicable authority, the Court is fully informed and denies Mr. Lee's motions.

**BACKGROUND**

Mr. Lee filed the instant complaint in Yakima County Superior Court against AFT-Yakima on October 30, 2009, alleging breach of the duty of fair representation, violation of privacy rights, defamation, violation of psychotherapist confidentiality, and discrimination in violation of Title VII. ECF No. 1 at 9-14. AFT-Yakima removed the matter to this Court on November 17, 2009. *Id*.

ORDER ~ 1

AFT-Yakima moved for summary judgment on February 22, 2011. ECF No. 59. Mr. Lee filed a Motion to Amend to Find that the AFT-Yakima Failed in its Duty to Represent Mr. Lee in Grievances with Fair Representation on March 25, 2011, ECF No. 75, and a Motion to Apply Claw-Back Rule to the Defendant's Evidence on March 28, 2011, ECF No. 78. On June 3, 2011, the Court granted AFT-Yakima's Motion for Summary Judgment, denied Mr. Lee's two motions, and closed this case. ECF No. 94.

On June 27, 2011, Mr. Lee filed a Motion to Vacate Dismissal pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 96. On July 5, 2011, Mr. Lee filed a Motion for Reconsideration, Leave to File Amended Supplemental Complaint and Amended Complaint and Notice of Appeal, ECF No. 98. The Court construed this document as two separate filings: a Motion for Reconsideration, Leave to File Supplemental Complaint and Amended Complaint, and a Notice of Appeal to the Ninth Circuit Court of Appeals. *See* ECF Nos. 98 & 102. Mr. Lee has since filed the following additional documents: Response in Support of Trial, ECF No. 109; Additional Supplemental Pleadings, ECF No. 110; and Addition to Supplemental Pleadings and Reconsideration, ECF No. 111.

On July 13, 2011, the Ninth Circuit issued an Order holding appeal proceedings in abeyance pursuant to Federal Rule of Appellate Procedure 4(a)(4) until this Court ruled on Mr. Lee's two outstanding motions. ECF No. 107. The Court now addresses Mr. Lee's two motions.

## DISCUSSION

**I.  Authority to Address Mr. Lee's Motions**

Ordinarily, once a timely notice of appeal has been filed, district courts no longer have jurisdiction over a case and lack authority to

ORDER ~ 2

address post-judgment motions.  *See Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007)("Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate.").  Prior to 2009, a party seeking to have a post-judgment motion addressed after a notice of appeal had been filed could "ask the district court whether it wishe[d] to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case."  *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir. 1986).

This scheme was modified by the addition of Federal Rule of Civil Procedure 62.1(a) in March 2009.  Rule 62.1(a) provides that

> [i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a)(effective December 1, 2009).  Rule 62.1(a) thus gives the Court jurisdiction to hear Plaintiff's motion.  For the reasons discussed below, the Court exercises its authority under Rule 62.1(a)(2) to deny Mr. Lee's motion.  *See, e.g., United States v. Benoit*, No. 08-CV-2140-MMA(JMA), 2011 WL 2444671 (S.D. Cal. June 16, 2011)(considering and denying Rule 60(b) motion to vacate despite pending appeal).

**II.  Mr. Lee's Motion to Vacate Dismissal**

Mr. Lee moves the Court to vacate its June 3, 2011 Order dismissing this case per Rule 60, on the ground that the Court's judgment was void. *See* Fed. R. Civ. P. 60(b)(4).  Mr. Lee argues that the Court should vacate its dismissal of his case because District Judge Suko's decision in Mr. Lee's first case against AFT-Yakima, Case No. 08-CV-3013-LRS,

ORDER ~ 3

which this Court referenced in its statutes of limitations analyses, was decided despite a lack of subject matter jurisdiction.

The Court denies Mr. Lee's motion for several reasons. First, he has not demonstrated that this Court's judgment was void, and indeed, this Court's judgment was valid. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Mr. Lee's original complaint alleged federal claims against AFT-Yakima under Titles VI and VII of the Civil Rights Act of 1964. *See* ECF No. 1 at 9-14. Furthermore, removal jurisdiction is proper under 28 U.S.C. § 1441(b). The Court thus has subject matter jurisdiction over this case, and its judgment is not void.

Mr. Lee's motion must also fail because the reason that he asserts that the Court's judgment was void, which is that District Judge Suko's decision in Case No. 08-CV-3013-LRS ("2008 Litigation") was itself issued without subject matter jurisdiction, has not been asserted in the proper forum. A challenge to Judge Suko's ruling must be brought before Judge Suko; indeed, such a challenge would not be time-barred despite its late assertion, because motions for relief from judgment on the basis that the judgment was void are not subject to the one-year limitation period in Rule 60(c)(1). In so stating, the Court expresses no opinion as to the validity of Judge Suko's judgment in the 2008 Litigation.

Finally, Mr. Lee's Motion to Vacate must be denied because even if Judge Suko's judgment in the 2008 litigation was rendered in the absence of subject matter jurisdiction, it would not affect the substance of the Court's July 3, 2011 ruling for two reasons. First, in the course of the Court's statutes of limitations analyses, the Court referenced the 2008

Litigation only for the limited purpose of addressing the possibility that the 2008 Litigation had tolled the statutes of limitations for some of Mr. Lee's claims; if the 2008 Litigation were indeed void for lack of subject matter jurisdiction, Mr. Lee's 2008 claims could not as a matter of law toll any statutes of limitations, and the Court's ultimate conclusion that the statutes of limitations had not been tolled would not be affected. Second, in addition to holding that seven of Mr. Lee's claims against AFT-Yakima were time-barred, the Court addressed the merits of each of Defendant's eight claims and determined that each claim had either not been properly alleged or failed on the merits. Thus, because the Court's June 3, 2011 dismissal ruling was not contingent upon the validity of the 2008 Litigation, Mr. Lee's argument must fail.

For these reasons, the Court denies Mr. Lee's Motion to Vacate Dismissal.

### III. Mr. Lee's Motion for Reconsideration, Leave to File Supplemental Complaint and Amended Complaint

Mr. Lee's second motion contains two specific requests for relief: first, a request for vacation of the Court's June 3, 2011 Order, and second, a request for leave to file an amended complaint. Because Mr. Lee's first request reiterates the arguments he makes in his Motion to Vacate, ECF No. 96, the Court denies this aspect of Mr. Lee's motion for the reasons articulated in Section II, *supra*.

The second aspect of Mr. Lee's motion, his request for leave to file a supplemental or amended complaint, must be denied because final judgment has been entered in this case. Under Rule 15, a party may amend a complaint that has been answered only with the opposing party's consent

or with leave of the Court. Fed. R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." *Id.* However, "[a]fter final judgment has been entered, a Rule 15(a) motion may be considered only if the judgment is first reopened under Rule 59 or 60." *Proskauer Rose, LLP v. Blix St. Records, Inc.*, 384 Fed. Appx. 622, 625 (9th Cir. 2010) (citing *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996)). Thus, because Mr. Lee's motions to vacate the judgment under Rule 60 have been denied, the Court must also deny Mr. Lee's motion for leave to file a supplemental or amended complaint.

**CONCLUSION**

Mr. Lee's Motion to Vacate Dismissal under Rule 60(b)(4) is denied because Mr. Lee has not shown that the Court's judgment was void. Mr. Lee's Motion for Reconsideration, Leave to File Supplemental Complaint and Amended Complaint is denied for the same reason insofar as it seeks to vacate the Court's June 3, 2011 Order; the portion of Mr. Lee's motion that seeks leave to file an amended or supplemental complaint is also denied because the Court declines to reopen its final judgment.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate Dismissal, **ECF No. 96**, is **DENIED**.

2. Defendant's Motion for Reconsideration, Leave to File Supplemental Complaint and Amended Complaint, **ECF No. 98**, is also **DENIED**.

///
///
//
/

ORDER ~ 6

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to Plaintiff, defense counsel, and the Ninth Circuit Clerk of Court.

**DATED** this   3rd    day of October 2011.

                        s/ Edward F. Shea
                        EDWARD F. SHEA
                   United States District Judge

Q:\Civil\2009\3112.pt.mtns.lc2.wpd

ORDER ~ 7